

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 18, 2005

The Honorable Leticia Van de Putte, R. Ph.
Chair, Committee on Veteran Affairs
   and Military Installations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0347

Re: Correct interpretation of the Texas citizenship requirement in Education Code section 54.203 (RQ-0309-GA)

Dear Senator Van de Putte:

You ask how to correctly interpret the Texas citizenship requirement in Education Code section 54.203.[1]

Section 54.203(a) requires an institution of higher education's governing board to exempt

> the following persons from the payment of all dues, fees, and charges, including fees for correspondence courses but excluding property deposit fees, student services fees, and any fees or charges for lodging, board, or clothing, provided the persons seeking the exemptions were *citizens of Texas* at the time they entered the services indicated and have *resided in Texas for at least the period of 12 months before the date of registration*:
>
> (1) all nurses and honorably discharged members of the armed forces of the United States who served during the Spanish-American War or during World War I;
>
> (2) all nurses, members of the Women's Army Auxiliary Corps, members of the Women's Auxiliary Volunteer Emergency Service, and all honorably discharged members of the armed forces of the United States who served during World War II . . . ;
>
> (3) all honorably discharged men and women of the armed forces of the United States who served during the national emergency

---

[1] *See* Letter from Honorable Leticia Van de Putte, R. Ph., Chair, Committee on Veteran Affairs and Military Installations, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Jan. 10, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

which began on June 27, 1950, and which is referred to as the Korean War; and

> (4) all persons who were honorably discharged from the armed forces of the United States after serving on active military duty . . . for more than 180 days and who served a portion of their active duty during:

> > (A)  the Cold War . . . ;

> > (B)  the Vietnam era . . . ;

> > (C)  the Grenada and Lebanon era . . . ;

> > (D)  the Panama era . . . ;

> > (E)  the Persian Gulf War . . . ;

> > (F)  the national emergency by reason of certain terrorist attacks that began on September 11, 2001; or

> > (G)  any future national emergency declared in accordance with federal law.[2]

TEX. EDUC. CODE ANN. § 54.203(a)[3] (Vernon Supp. 2004-05) (emphasis added). Under subsection (d), "every applicant claiming the benefit of an exemption" must prove that he or she "fulfills the necessary citizenship and residency requirements." *Id.* § 54.203(d).

You indicate that institutions and the Texas Higher Education Coordinating Board (the "Board") "interpret the criterion of Texas citizenship to mean residing in Texas for 12 months immediately prior to entering the military." Request Letter, *supra* note 1, at 1; *see also* FISCAL NOTE, Tex. S.B. 392, 79th Leg., R.S. (2005) (stating that eliminating the statutory "requirement that a military veteran be a resident of Texas at the time of enlistment . . . will cost higher education institutions revenue beginning in fiscal year 2006 and the state beginning in fiscal year 2008"); SENATE SUBCOMM. ON HIGHER EDUC., BILL ANALYSIS, Tex. S.B. 392, 79th Leg., R.S. (2005) (stating that, "[h]istorically," the Board has interpreted the statutory citizenship requirement "as a 12-month residency period prior to entering the military"). You question the correctness of this

---

[2]We use the term "veteran" to encompass members of the United States armed forces as well as nurses and members of the women's auxiliaries who are included under section 54.203(a)(1)-(2). *See* TEX. EDUC. CODE ANN. § 54.203(a)(1)-(2) (Vernon Supp. 2004-05).

[3]The Seventy-ninth Legislature, by the passage of House Bill 503, renumbered the previous subsection (F) as subsection (G) and inserted a new subsection (F). The bill was signed into law and became effective May 20, 2005. *See* Act of May 10, 2005, 79th Leg., R.S., H.B. 503, § 1 (to be codified at TEX. EDUC. CODE ANN. § 54.203(F)-(G)).

interpretation. You believe it significant that section 54.203 requires "both Texas citizenship *and* residency," which may indicate, you continue, "that lawmakers viewed citizenship and residency as distinct requirements." Request Letter, *supra* note 1, at 1. According to your argument, the distinct citizenship and residency requirements may have been "conflated because" the statute does not expressly define the phrase "citizen of Texas." *Id.*

As you suggest, section 54.203 does not define the phrase "citizen of Texas." *See id.*; *see also* TEX. EDUC. CODE ANN. § 54.203 (Vernon Supp. 2004-05). Although several other statutes refer to "citizens of Texas" or "citizens of this state," only the Alcoholic Beverage Code defines it: "In this code . . . '[c]itizen of Texas' and 'citizen of this state' mean a person who is a citizen of both the United States and Texas." TEX. ALCO. BEV. CODE ANN. § 1.04(20) (Vernon 1995); *see, e.g.,* TEX. AGRIC. CODE ANN. § 55.002(b)(1) (Vernon 2004) (stating that an incorporator of a cooperative credit association must "be a citizen of this state"); TEX. EDUC. CODE ANN. § 58.002(a)(1)(B) (Vernon 1996) (limiting the term "resident physician" to citizens of Texas); TEX. GOV'T CODE ANN. § 306.004(a) (Vernon 1998) (limiting the public disclosure of communication between "a citizen of this state" and a member of the legislature or the lieutenant governor). While a definition from the Alcoholic Beverage Code does not necessarily apply in the context of the Education Code, we believe the definition is helpful in clarifying that a citizen of Texas must be a United States citizen. Otherwise, the Alcoholic Beverage Code is tautological, defining the term "citizen of Texas" as a citizen of Texas.

This office observed in Attorney General Opinion WW-575, in the context of construing a statute relating to a person's eligibility for public welfare benefits, that "a citizenship requirement is more restrictive than a mere residence requirement." Tex. Att'y Gen. Op. No. WW-575 (1959) at 7. And in Attorney General Opinion H-481, this office considered the phrase "citizen of this State" in the statute setting out eligibility standards for appointments to the position of notary public, under which only "a citizen of this State" was eligible for appointment. *See* Tex. Att'y Gen. Op. No. H-481 (1974) at 2. Opinion H-481 concludes that a citizen of Texas is "a citizen of the United States and a resident of Texas." *Id.* at 3.

We believe Opinion H-481's construction applies to Education Code section 54.203(a) as well. This construction maintains a distinction between section 54.203(a)'s citizenship requirement and the requirement that the veteran have "resided in Texas for at least the period of 12 months before the date of registration." TEX. EDUC. CODE ANN. § 54.203(a) (Vernon Supp. 2004-05). Consequently, on its face, section 54.203(a) exempts from the payment of higher-education tuition and certain fees a veteran who (1) was a United States citizen and a Texas resident at the time he or she entered the service and (2) has resided in Texas for at least 12 months "before the date of registration." *Id.* The phrase "[t]he date of registration" refers to the date of the veteran's registration in an institution of higher education. *See id.* § 54.009 (prohibiting an institution of higher education from raising tuition once a student has registered for a semester or summer term); *see also* Tex. Att'y Gen. Op. No. O-4200 (1941) at 3 (construing the statutory predecessor to section 54.203(a) to require a veteran to have lived in the state for 12 months before registering in a particular institution of higher education). Only the residency requirement is attached to a 12-month requirement; the statute does not specify any particular length of time that a veteran must have been a Texas citizen at the time he or she entered the service.

## S U M M A R Y

The phrase "citizen of Texas" in section 54.203(a) of the Education Code refers to a person who is a United States citizen and who resides in Texas. Thus, on its face, section 54.203(a) exempts from the payment of higher-education tuition and certain fees a veteran who (1) was a United States citizen and a Texas resident at the time he or she entered the service and (2) has resided in Texas for at least 12 months "before the date of registration" in an institution of higher education.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee